UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ZACHARY LEE VANDERMUSS,

                                    Plaintiff,

            v.                                          Case No. 26-cv-267-pp

NADIA LAID,

                                    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 7), GRANTING PLAINTIFF'S MOTION TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 10), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

---

Plaintiff Zachary Lee Vandermuss, who is incarcerated at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant gave him the wrong medication while the plaintiff was confined at the Brown County Jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, denies as moot the plaintiff's motion for extension of time to pay the initial partial filing fee, dkt. no. 7, and grants his motion to waive the initial partial filing fee, dkt. no. 10.

## I.      Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).

1

The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 20, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $34.50. Dkt. No. 5. On March 2, 2026, the court received from the plaintiff a motion for an extension of time to pay the initial partial filing fee, dkt. no. 7, and about three weeks later, the court received from him a motion asking the court to waive the initial partial filing fee, dkt. no. 10. The latter motion demonstrates that the plaintiff's circumstances have changed and that he cannot pay the initial partial filing fee at this time. The court will grant the plaintiff's motion to waive the initial partial filing fee. See 28 U.S.C. §1915(b)(4). Because the court is waiving the initial partial filing fee, it will deny as moot the plaintiff's motion for an extension of time to pay that fee. The court will require the plaintiff to pay the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

3

stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      <u>The Plaintiff's Allegations</u>

The plaintiff was confined at the Brown County Jail during the events described in the complaint. Dkt. No. 1 at 2. He alleges that on July 25, 2025, defendant Nadia Laid, a "medical tech," distributed medication at the jail. <u>Id.</u> The plaintiff states that per jail protocol, staff are required to check an incarcerated individual's identification band before providing medication. <u>Id.</u> Laid allegedly did not follow this protocol. <u>Id.</u> After she allegedly gave the plaintiff two white pills, he told her that the pills were not his, and he tried to return the medication to Laid. <u>Id.</u> at 2-3. He says that Laid responded, "Those are your meds, so take them." <u>Id.</u> at 3. The plaintiff states that "because [he] did not want to refuse [his] meds [he] took what was provided under the impression that [he] was being given the correct meds due to what the med tech told [him]." <u>Id.</u> Laid allegedly never looked at her "med computer" to see if the medication she gave the plaintiff was his. <u>Id.</u>

The plaintiff states that after taking the medication, he informed Officer Davers, who was observing med pass, that he needed a grievance form because Laid gave him the wrong medication after he informed her the pills were not his. <u>Id.</u> He says that, "[d]ue to her negligence, [he] suffered through an upset belly, [he] became very sick, [he] started feeling dizzy, lightheaded, [he] also started throwing up and even had diarrhea, which caused [him] pain." <u>Id.</u>

4

The plaintiff claims that Laid acted with "deliberate indifference" and that she "knowingly provided [him] with the wrong meds after [he] told her they were the wrong meds," in violation of his constitutional rights and Wisconsin state law. Id. For relief, the plaintiff seeks $5,000 compensatory damages and for Laid to be fired or receive more training. Id. at 5.

C.     Analysis

Because the plaintiff was confined at the Brown County Jail during the events described in the complaint, the court assumes that he was a pretrial detainee. A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendant acted purposefully, knowingly or recklessly when considering the consequences of her response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

The plaintiff alleges that before giving the plaintiff his medication, Laid neglected to follow jail policy by checking his identification band. She allegedly

5

gave him the wrong medication and when the plaintiff said it wasn't his, she said that it *was* his medication and that he should take it. The plaintiff states that he took the medication because he didn't want to refuse his medication and because he was under the impression that Laid had given him the correct medication. After taking the medication, the plaintiff allegedly became dizzy and lightheaded, had an upset stomach, threw up and had diarrhea.

Courts in this circuit long have recognized that a one-time mistake in dispensing medication amounts only to negligence. Harper v. Nurse, Case No. 23-cv-2328, 2024 WL 1174514, at *2 (March 19, 2024) (citing Van Leer v. Centurion Health of Indiana, LLC, Case No. 22-CV-2050, 2023 WL 2814156, at *2 (S.D. Ind. Apr. 6, 2023); Anderson v. Novak, Case No. 20-cv-901, 2021 WL 39621, at *1-2 (W.D. Wis. Jan. 5, 2021); Robbins v. Pollard, Case No. 16-CV-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016)); see also Pittman v. Madison County, 108 F.4th 561, 566 (7th Cir. 2024) (explaining that, to prevail, a plaintiff must show that a defendant's actions were purposeful and intentional, not the result of negligence). And Laid's alleged failure to follow jail protocol by failing to first check the plaintiff's identification band does not implicate the plaintiff's constitutional rights. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage County, Wis., 523 F.3d 776, 784 (7th Cir. 2008)).

The plaintiff's allegation that on one occasion Laid mistakenly gave him the wrong medication alleges negligence, which is not a constitutional violation.

6

See <u>Villareal v. Glossip</u>, Case No. 21-4213, 2022 WL 1094637, at *2 (C.D. Ill. April 12, 2022) (citing <u>Collier v. Maassen</u>, Case No. 17-cv-64, 2019 WL 1229998, at *2 (W.D. Wis March 15, 2019) (one time mistake in dispensing wrong medication suggests negligence); <u>Morrison v. Utz</u>, Case No. 11-CV-4110, 2012 WL 293548, at *2 (C.D. Ill. Jan. 31, 2012) (at most, plaintiff's allegation he was given wrong medication on one occasion is a claim of negligence); <u>Kirkwood v. Sirin</u>, Case Nos. 06-C-139, 06-C-140, 06-C-141, 06-C-153, 06-C-154, 06-C-155, 2006 WL 587698, at *3 (E.D. Wis. March 9, 2006) (claim that incarcerated individual was given the wrong pill on one day making him feel "drunk" and experiencing an elevated heart rate alleges nothing more than negligence).

At most, the plaintiff has stated a claim for the state-law tort of negligence. Under Wisconsin law, a claim for negligence requires the plaintiff to prove the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. <u>Paul v. Skemp</u>, 242 Wis. 2d 507, 520 (Wis. 2001). The court need not decide whether the plaintiff has sufficiently alleged all four of those elements, because a federal court may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists when (1) the amount in controversy exceeds $75,000 and (2) the parties are citizens of different states. 28 U.S.C. §1332. The plaintiff seeks $5,000 in damages, and his complaint suggests that he and Laid both are citizens of Wisconsin. Because the amount in controversy does not exceed $75,000 and the parties

7

are not citizens of different states, this federal court does not have subject-matter jurisdiction over any state-law claim the plaintiff may have. The court will dismiss this case without prejudice.

Although the court generally permits civil plaintiffs at least one opportunity to amend their complaint, it need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of the facts surrounding his claim, so the court finds that further amendment regarding a federal claim would be futile. Because the plaintiff has not stated a claim for which this federal court may grant relief, the court must dismiss his complaint. But the court is dismissing the case *without* prejudice, which means that the plaintiff is free to file a lawsuit in state court regarding his state-law claim.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to pay initial partial filing fee. Dkt. No. 7.

The court **GRANTS** the plaintiff's motion to waive initial partial filing fee. Dkt. No. 10.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the complaint fails to state a claim for violation of the plaintiff's rights under federal law and this court lacks subject-matter jurisdiction over any state law claim the plaintiff may have. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $350 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule

9

of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of May, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
**Chief United States District Judge**

10